**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

## Civil Action No: 1: 24 - cv - 1524

SUSAN M. TICE

      Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA,

      Defendant.

---

## COMPLAINT

---

**COMES NOW** the Plaintiff, Susan M. Tice, by and through her attorney, Michael S. Krieger of Michael S. Krieger, LLC, and Noel & Krieger, with her Complaint against the above Defendant, Unum Life Insurance Company of America (hereinafter "Unum").

1.  This is a civil action for disability benefits owed to Susan M. Tice (hereinafter "Plaintiff"), arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, including 29 U.S.C. § 1132(a).  Plaintiff seeks judicial review of the denial of disability benefits by Unum.

### JURISDICTION AND VENUE

2.  The United States District Court in and for the District of Colorado has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 1132(e)(1).

3.  Venue is proper in the District of Colorado, pursuant to 29 U.S.C. § 1132(e)(2), because (1) Unum does business in Colorado, and (2) Unum has a

registered agent, the Corporation Service Company, located at 1900 West Littleton

Blvd, Littleton, Colorado, 80120.

**PARTIES**

4.   Plaintiff resides at 6102 South Jericho Way, Aurora, Colorado, 80016

5.   Plaintiff is 62 years old as of the filing of this Complaint with this Court.

6.   Before becoming disabled, Plaintiff was employed full time for approximately

2 years as a full-time regular employee of Micro-Tech Endoscopy USA, Inc., ("MTE").

She had a job title of "Director of Product Management" but had very wide occupational

duties wherein she traveled approximately 50% of her time, mostly via air travel, visiting

end-users of MTC's products.  Her duties included, but were not limited to, taking new

medical devices and products to put in the hands of physicians, hospital staff, and other

medical personnel, train said professionals in their usage, obtain feedback from said

professionals concerning product improvement, and developing, in-office, modifications

of said devices and products and marketing approaches for said devices and products,

meeting with MTE engineers and designers and developing product literature..

7.  Plaintiff's demanding job necessitated a high level of verbal and writing skills,

memory, organizational and "people" skills, visual processing and visual memory skills

high cognitive processing speed and other intellectual abilities.

8. As a fulltime employee, Plaintiff was covered under a disability income benefits

plan sponsored by MTE, administered and underwritten by Unum with a Policy number

of 473072 (hereinafter "Plan").

9.  The Plan provides for short erm disability ("STD") and long term disability

("LTD") benefits for Plaintiff, as long as Plaintiff meets the definition of disability set forth

in the Plan.

10.  According to the Plan documents, MTE has delegated all responsibility for

benefit decisions to Unum, so that Unum not only determines who is (or is not) entitled

to disability benefits, but also funds those benefits.  Unum claims to have discretion to

determine eligibility for benefits and is therefore a fiduciary of the Plan pursuant to 29

U.S.C. § 1002(21).

11.  According to the Plan, an employee is considered disabled when:

- "You are limited from performing the material and substantial duties of your regular occupation due to your sickness or injury; and you have a 20% of more loss in your indexed monthly earnings due to the same sickness or injury."

- "After 24 months of payments, you are disabled when UNUM determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonable fitted by education, training or experience."

- "Material and substantial duties means duties that are normally required for the performance of your regular occupation and cannot be reasonable omitted or modified."

- Regular occupation means the occupation you are routinely performing when your disability begins.  Unum will look at your occupation as it is normally performed in the national economy, instead of how the work tasks are performed for a specific employer or at a specific location."

12.  The Plan provides for an offset of LTD benefits in the amount of any Social

Security Disability Income ("SSDI") benefits awarded by the United States Social

Security Administration.

## *STANDARD OF REVIEW*

13.  Defendant has an inherent and actual conflict of interest in the claims administration process in this case, because Defendant determines the validity of Plaintiff's claim and Defendant is also responsible for paying all STD and LTD benefits.

14.  In the alternative, any term, provision or clause purporting to provide administrative discretion or deference to Defendant to determine eligibility for benefits under the LTD plan, or state that said proof of disability be "satisfactory to Unum", define the terms of the LTD plan, or making any plan decisions, is void pursuant to *C.R.S. § 10-3-116*, which makes mandatory a *de novo* review of the entitlement to disability benefits.

15.  In the alternative, the acts and omissions of Unum, cited elsewhere in this Complaint, constitute procedural irregularities that are serious enough to dial-back the administrative discretion allegedly reserved to the STD and LTD Plans in a degree to be determined by the Court.

16.  In the alternative, the acts and omissions of Unum were arbitrary and capricious, subjecting Defendant to the remedies sought by Plaintiff.

### CLAIM FOR RELIEF – MEDICAL ASPECTS

17.  In November of 2018, Plaintiff was diagnosed with Stage IV-B, grade 2 endometrial cancer (malignant) with a positive supraclavicular lymph node.  In May of 2019, Plaintiff was also diagnosed with Stage I-B high-grade serous fallopian tube carcinoma (bilateral and malignant).  Plaintiff underwent treatment with Carbo/Taxol for 6 cycles, which treatment was completed in April of 2019, had a total hysterectomy and bilateral salpingo-oophorectomy, and lymph node biopsies in May of 2019.

18.   Following the above-listed surgeries and 6 chemotherapy treatments, Plaintiff underwent a series of chemotherapy involving Taxol for 12 cycles which was completed in July of 2020.

19.   After completing chemotherapy, Plaintiff suffered from fatigue and brain fog, which not only restricted her activities of daily living, but also created such stress that she felt compelled to resign her employment with MTE.

20.   In addition to her cognitive problems, Plaintiff suffers neuropathy in her fingers and toes related to her chemotherapy.  In addition, Plaintiff has been diagnosed during the relevant time with chronic reflux esophagitis, degenerative disc disease, dependent edema, fatigue, fibromyalgia, insomnia, migraine aura, and restless legs syndrome.

21.   Since resigning her employment with MTE, Plaintiff pursued oncological and occupational rehabilitation, engaged in cognitive exercises, modified her diet, and engaged in an exercise regimen, all with no significant recovery in her cognitive abilities and fatigue.

22.   Plaintiff's cognitive problems interfere with simple mental tasks and involve severe struggles with short term memory and multitasking, word recall, loss of cognitive processing speed, visual processing and memory skills, and a degradation of an "average" working memory level.

23.   Plaintiff has fully complied with her doctor's prescription management program, which included (at various times) Levothyroxine, Lidocaine-Prilocaine (topical cream), Liothyronine, Triamterene, Magnesium Oxide, Ambien, Vitamin D, Cal Mag Zinc

Plus, Hydrochlorothiazide, Magnesium, Zolpidem, Benadryl, Compazine, Dexamethasone, Ondansetron HCl, and Pepcid.

24.   A cranial MRI with and without contrast of 21 January 2022 showed moderate levels of microvascular ischemic white matter disease, pineal cysts, and incidental mild vertebrobasilar hypoplasia, among other findings.

25.   Complaining of insomnia, Plaintiff undertook a sleep study, which showed a lack of quality sleep.

26.   Julie Jeffers, DO, Plaintiff's treating physician, in a questionnaire response dated 1 November 2021, noted that the Plaintiff could not perform the cognitive occupational demands of the job described by Unum.  Later, on 14 November 2022, Dr. Jeffers noted that Plaintiff could perform neither the physical nor cognitive demands of the job description provided at that time by Unum.   In a letter dated 8 December 2022, Unum's representative said that Dr. Jeffers had indicated that Plaintiff could return to work, using the inaccurate and vague job description.  Unum used this verbal statement to deny LTD benefits in its letter of 15 December 2022.

27.   Plaintiff had been evaluated by Ginger Arnold, PhD, of Integrated Neuropsychology, PC, on 13 June 2022.  Dr. Arnold found that the results of testing were valid and that Plaintiff passed 5 of 5 "effort" tests.  Mood screens did not indicate depression, anxiety, or significant levels of fatigue or sleepiness, which was confirmed in the overall psychological evaluation by Dr. Arnold.   Dr. Arnold noted that her education and occupational history indicated Plaintiff had functioned at a very high level, but that many of her cognitive skills were only at an average, low average and impaired levels.

28.  Dr. Arnold's 123 June 2022 report recommended re-assessment in a year.

## CLAIM FOR RELIEF - PROCEDURAL ASPECTS

29. Unum was aware, prior to its denial of LTD benefits of 15 December 2022, that Plaintiff was awarded said Social Security Disability Income benefits on 15 May 2020.  Unum does not dispute this.  Instead, Unum claims that Plaintiff's cognitive status improved from May of 2020 to December of 2022 such that she could return to work at her former occupation.  There is no indication of improvement; rather, Plaintiff's cognitive status has degraded in areas critical to her occupation, according to neuropsychological subtest results.

30.  To summarize a major problem with Unum's decision denying LTD benefits is that Unum has relied upon a highly inaccurate description of Plaintiff's job at MTE, alleging that said description was Plaintiff's job "as it is performed in the national economy," but relying on a narrower version of Plaintiff's actual job (discarding 80% of Plaintiff's substantial and material job duties) and using extremely vague metrics for use by medical experts.  The job description used by Unum likewise states contradictory physical requirements as it involves a10 pound lifting limit (sedentary) yet involves frequent air travel (light[1]).  Unum has provided this highly inaccurate, yet vague, job description to some treating doctors and its own reviewing medical personnel.

31.  Unum granted STD benefits and paid LTD benefits up to and including 15 December 2022.  The denial of 15 December 2022 provided a right to appeal its decision to Unum.

32.  Counsel for the Plaintiff contacted Unum by way of a letter dated February 23, 2023, requesting specific claim file information, including: the identity of the Plan

---

[1] Air passengers must be able to lift luggage in overhead bins, occasionally as much as 35 pounts.

Administrator: the original handwritten or typed notes of a December 7, 2022, conversation between treating doctor Julie Jeffers, MD, and Unum's consultant, Donna Kim, MD; the identity of the author of a document called a "Vocational Review" appearing in Unum's letter to Dr. Jeffers and Emily Landers, MD, Colin Buchannan, MD and Robert Greenhow, MD; all claims manuals and protocols and guidelines provided by the Plan Administrator; and documents providing the amount of compensation paid to Donna Kim, MD and other medical consultants for a one year period. Unum failed or refused to provide  much of this information in a timely manner, if at all.

33.  As part of her appeal, Plaintiff submitted 3 Medical Source Statements signed by Dr. Julie Jeffers, treating physician Colin Buchanan, MD and treating physician Emily Landers, MD, stating that, whereas Plaintiff could perform basic cognitive demands, they had no opinion about a more cognitively demanding occupation and complaining that the Unum-described cognitive demands were vague, stating:

> "I do not know if 'dealing with people' means directing a cub scout den meeting or training professionals in a classroom setting.   I do not know if 'making judgments and decisions' means running a church bake sale or executing a nationwide marketing plan for a medical device company.  I do not know if 'performed a variety of tasks' means making Christmas desserts or balancing the books of a complex business."

34.  Importantly, the Medical Source Statements (listed in the immediately prior paragraph) also retracted prior responses to questionnaires sent by Unum that contained the highly inaccurate and vague job description.

35.   On 23 June 2023, Plaintiff submitted her actual job description, pointing out that Unum's narrow description only accounted for about 20% of her actual job duties.

36.  Dr. Landers added that she treated Plaintiff for over 3 years and she finally reviewed Plaintiff's job description.  Landers stated that Plaintiff "…would not be able to cognitively perform the high demands of her former employment, which required a well above-average memory, processing speed and verbal abilities."

37.  Plaintiff formally appealed Unum's termination of LTD benefits via a key letter dated 12 June 2023, outlining the major flaws in Unum's medical and occupational evidence.

38.  On 14 July 2023, Unum affirmed it's prior decision denying LTD benefits, relying in part on a report from Anup Sanghvi, MD.  Unum allowed a comment period due to this new medical opinion, as required by ERISA regulations.

39.  By way of a letter dated 28 July 2023, Plaintiff request a 14 day extension due to a summer vacation by one of Plaintiff's doctors. By letter dated 31 July 2023, Unum granted this extension.

40. In a letter dated 8 August 2023, Plaintiff enclosed an article concerning a specific neuropsychological test called the Complex Figure Test.  On 13 September 2023, Plaintiff also provided Dr. Ginger Arnold's updated report, Swedish Medical Center records and several scientific articles explaining chemotherapy-induced cognitive impairment and neurotoxic outcomes.

41. By letter dated 10 August 2023, Plaintiff requested additional time to provide information from Ginger Arnold, a neuropsychologist who did extensive testing of Plaintiff's cognitive state.  Unum granted this extension via its letter of 14 August 2023.

42.  Plaintiff underwent a second neuropsychological assessment with Dr. Arnold on 25 August 2023, which testing revealed both some improvement and some

degradation of a few dozen aspects of cognitive functioning, with normal and average scores some skills and other subtests indicated impaired scores for the "ability to keep track of what she is doing while problem solving" and below average scores for word generation.  Most of the cognitive subtests revealed declining abilities since the June 2022 assessment.  Dr. Arnold's diagnoses were: Frontal Lobe Executive Functional Deficit and Negative Effects of Drugs (Ambien and Chemotherapy).  Plaintiff's effort in this re-assessment was deemed "excellent" according to Dr. Arnold's report.

43.   By letter dated 13 September and 29 September 2023, Plaintiff provided to Unum:  (a) Dr. Ginger Arnold's second Neuropsychological report, (b) medical profiling documents showing that Dr. Saghvi was a family medicine doctor with no apparent knowledge of oncology, chemotherapy or neuropsychology, (c) an Affidavit of Susan Tice reflecting her history of chemotherapy, why she was unable to perform certain cognitive therapy due to a lack of money and her limited  ability to drive; and (d) medical journal articles explaining the nature and extent of chemotherapy-induced cognitive impairment.

44.  By letter from Plaintift's counsel date 29 September 2023, Plaintiff perfected her appeal to UNUM.

45.  On 9 November 2023, Unum affirmed it's prior decision denying LTD benefits, stating that Plaintiff had now a right to sue in US District Court under Section 502(a) of ERISA and that the applicable statute of limitations expires on 15 December 2025.

46.  Plaintiff is entitled to receive all Plan benefits from the date of her application for Plan benefits to the present, reinstatement of any and all applicable continuing

benefits, prejudgment interest (which interest is 8% under Colorado law) on and for back-due benefits, if any, and reasonable attorney fees and costs pursuant to 29 U.S.C. § 1132(g)(1) and C.R.S. § 10-3-1116(1).

47.    In wrongfully denying benefits to Plaintiff, UNUM failed to comply with its fiduciary duties under ERISA, by and through the following acts and omissions:

a.    Taking actions as a decision-maker, while in an inherent and actual conflict of interest, as UNUM is the adjudicator, investigator, payor, and underwriter of claims and benefits under the LTD Plan;

b.    Failing to provide a coherent, specific reasons for denying the Plaintiff's claim and failing to perform other duties, more fully described in 29 U.S.C. § 1133 and Regulation 29 C.F.R. § 2560.503.1;

c.    Failing to give Plaintiff specific reasons why certain medical evidence provided by Plaintiff, including the opinions of treating physicians of Plaintiff, was ignored by the UNUM in the denial of benefits;

d.    Attempting to develop evidence on the basis of a self-serving, vague and largely inappropriate vocational description of Plaintiff's actual job;

e.    Failing to analyze the neuropsychological subtest results and conclusion of Dr. Ginger Arnold to the specific job requirements of the fabricated occupation of Plaintiff as it exists in the national economy;

f.    Denying benefits based upon a selective and self-serving review of the medical and other records, "cherry-picking" portions of the record and rejecting or ignoring the conclusions of treating medical providers; and

g.     Failing to perform other acts which a reasonable, full, and fair review of this claim requires under the circumstances of this individual case.

**WHEREFORE**, Plaintiff requests the following from this Honorable Court:

a.   That the Court order UNUM to pay any and all back-due LTD benefits and reinstate any and all current Plan benefits owing to Plaintiff;

b.  That the Court order UNUM to pay prejudgment and/or other interest on any back-due benefits at the rate set by Colorado law (8%) or other applicable statute;

c.   That the Court order UNUM to pay all court costs and the reasonable attorney fees of the Plaintiff pursuant to ERISA and C.R.S. § 10-3-1116(1); and

e.   That the Court grant such other relief as may be proper.

Signed and executed this 29th day of May, 2024.

<u>**s/Michael S. Krieger**</u>
Michael S. Krieger
Michael S. Krieger, LLC
Noel & Krieger
165 South Union Blvd., Ste 310
Lakewood CO 80228
303-781-5559     Fax: 303-781-1349
Mike@Krieger.Law
Attorney for Plaintiff

Plaintiff's address:
See paragraph 4 above